JAMES H. MELSON, Respondent, v. WESTERN UNION TELEGRAPH COMPANY, Appellant.

Kansas City Court of Appeals, April 6, 1896. *

1. **Damages**: MEASURE OF: NATURAL RESULT. The damages recoverable for a breach of contract are such as are the natural and probable result of such breach and which may reasonably have been within the contemplation of the parties.

* This case reached the reporter January 27, 1898.

2. **Telegraphs**: MEASURE OF DAMAGES: KNOWLEDGE OF THE CHARACTER OF. Where a telegram does not disclose the nature of the business or matter contemplated thereby, the damages for failure to deliver should be limited to the price paid for sending.

*Appeal from the Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED AND REMANDED.

*Charles E. Yeater, George H. Fearons* and *Karnes, Holmes & Krauthoff* for appellant.

Nothing on the face of this message indicated, nor did the evidence show, that the company was informed that any transaction concerning the sale of a horse was involved; there was nothing to indicate that the message related to business at all. On the contrary, the message by its form, expressed as it was 'subjunctively and conditionally, indicated that the addressee might or might not come; and there was no evidence showing what relations existed between sender and addressee, or what their positions were. Under these circumstances, no liability can attach to the company on account of any loss in the sale of the horse, by reason of its failure to promptly deliver the message. *Hadsly v. Baxendale*, 9 Exch. 341; *Tel. Co. v. Parlin & Orendorff Co.*, 25 S. W. Rep. (Tex. Civ. App.) 40; *Elliot v. Tel. Co.*, 75 Tex. 18; *Tel. Co. v. Carter*, 85 Tex. 580; *Squire v. Tel. Co.*, 98 Mass. 232; *Tel. Co. v. Cornwell*, 31 Pac. Rep. (Col.) 393; Gray on Communications by Telegraph, secs. 87, 88; *Primrose v. Tel. Co.*, 154 U. S. 1, 29 *et seq.; Barrett v. Tel. Co.*, 42 Mo. App. 542, 550; *Abeles v. Tel. Co.*, 37 Mo. App. 554, 560; *Lee v. Tel. Co.*, 51 Mo. App. 375; 9 Am. and Eng. Ency. of Law, 822, 823; *Hamilton v. Scull's Adm'r*, 25 Mo. 165; *Fenton v. Ham*, 35 Mo. 409, 411; *Harwood v. Knapper*, 50 Mo. 456; *Spinks v. Davis*, 32

Miss. 152, quoted in *Atlee v. Fink*, 75 Mo. 100, 103; *Williamson v. Baley*, 78 Mo. 636; *Ashbrook v. Dale*, 27 Mo. App. 649; *Foster v. R'y*, 56 Fed. Rep. 434; 25 Am. and Eng. Ency. of Law, 814; *Cothran v. Tel. Co.*, 83 Ga. 25; 25 Am. and Eng. Corp. Cas. 533; *Melchert v. Tel. Co.*, 11 Fed. Rep. 193, 194.

*W. O. L. Jewett* for respondent.

(1) The verdict and judgment is for the right party and should be affirmed, because the negligence of defendant in failing to deliver the message promptly as was its duty and its contract caused Melson to miss the sale and lose $200. (2) The message on its face shows urgency. "If possible" denotes extreme urgency. It is hard to conceive of a more urgent message couched in as few words. Words in a message are expensive so they are made few. (3) Respondent does not need to quote any other law than that presented by appellant.

ELLISON, J.—This is an action for damages alleged to have resulted to plaintiff on account of the defendant failing to deliver the following dispatch: "B. P. Rutledge, Clarence, Mo. If possible come to Shelbina in the morning. J. H. Melson." The plaintiff recovered judgment for $200 damages.

The case shows that the message was sent late in the afternoon and that it was sent from the sending office and received at the receiving office STATEMENT. of the defendant promptly, but that by negligence the defendant's agent failed to deliver to plaintiff for nearly three days, at which time the utility and necessity for delivery had passed. It appears that plaintiff was the owner of a half interest in a race horse, on which Rutledge, the addressee, had a lien.

That plaintiff had an opportunity of selling his interest for $300, but that he could not make the sale without the consent of Rutledge; and that the message was sent in order to have Rutledge go to Shelbina, where the sale was to take place on the following day. If Rutledge had received the message, he would have consented to the sale and plaintiff could have made the sale for $300. But Rutledge not appearing, the sale was prevented; and at some time afterward plaintiff sold his interest in the horse for $100 only, thereby losing, as he alleges, $200, for which he obtained judgment.

The case shows that neither the company nor its agents had any information or knowledge as to what the message referred to, or what was intended to be accomplished thereby, other than is disclosed on the face of the message itself. It is clear from an **DAMAGES: measure of: natural result.** inspection of the message that it did not disclose anything which would lead the company to believe or expect that a transaction was pending whereby plaintiff, by securing the presence of Rutledge, would be enabled to make a profitable sale of his horse, or that he was engaged in a business transaction whereby profit or damage might result. The damages resulting to this plaintiff were of a special nature, applicable to the peculiar character of the business he was intending to transact. The defendant had no notice or knowledge of this. The rule is that the damages to be recovered must be such as are the natural and probable result of a breach of the contract and which may reasonably be said to have been within the contemplation of the parties to the contract. It was stated in *Hadsly v. Baxendale*, 9 Exch. 341: ''Where two parties have made a contract, which one of them has broken, the damages which the other party ought to receive in respect to such breach of contract should

be such as may fairly and reasonably be considered either arising naturally, i. e., according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it.   Now, if the special circumstances under which the contract was actually made were communicated by the plaintiffs to the defendants, and thus known to both parties, the damages resulting from the breach of such a contract, which they would reasonably contemplate, would be the amount of injury which would ordinarily follow from a breach of contract under these special circumstances so known and communicated. But, on the other hand, if these special circumstances were wholly unknown to the party breaking the contract, he, at the most, could only be supposed to have had in his contemplation the amount of injury which would arise generally and in the great multitude of cases not affected by any special circumstances, from such a breach of contract; for, had the special circumstances been known, the parties might have specially provided for the breach of contract by special terms as to the damages in that case, and of this advantage it would be very unjust to deprive them.''

This rule has been approved in a vast number of cases relating to questions of damages, and in a great number of telegraph cases involving messages quite similar to the one in question. *Abeles v. Western Union*, 37 Mo. App. 554; *Western Union v. Parlin*, 25 S. W. Rep. (Tex.) 40; *Western Union v. Hall*, 124 U. S. 444; *Western Union v. Cornwell*, 31 Pac. Rep. (Col.) 393; *United States Tel. v. Gildersleeve*, 29 Md. 232, 251; *Baldwin v. Tel. Co.*, 45 N. Y. 744; *Barrett v. Western Union*, 42 Mo. App. 542.

If the telegram had been of such nature as to disclose the object to be attained and the result to follow, or, if it had shown anything from which TELEGRAM: measure of damages: knowledge of the character of. the probable object to be attained might reasonably have been inferred, a different question would have been presented. *Lee v. Western Union*, 51 Mo. App. 375. But the telegram in this case did not disclose in any way, however remote, the nature of the business, or the nature of the matter contemplated by the plaintiff. It was as much a blank to the company as if it had been in cipher. And it has been decided by the supreme court of the United States that the damages recoverable for nondelivery of a message in cipher, unknown to the company, would be limited to the price paid for sending it. *Primrose v. Tel. Co.*, 154 U. S. 1, 29.

The plaintiff's recovery should have been limited to the price paid for sending the message. The judgment will be reversed and cause remanded. All concur.