JEANETTE L. STURTEVANT

*vs.*

WESTERN UNION TELEGRAPH COMPANY.

Somerset.    Opinion November 13, 1912.

*Acceptance of an Offer.   Damages.   Dispatch.   Duty of Defendant.
Instructions.   Message.   Negligence.   Telegraph Company.*

1.  In an action on the case to recover damages for negligence of defendant
    in not seasonably delivering a telegraph message received by it from the
    plaintiff, at Skowhegan, Maine, to be delivered to Mr. Kaler at South
    Portland, Maine, it is held that telegrams are sent because the sender
    desires the contents communicated to the addressee at once; that this
    method is employed instead of the mail because of its dispatch.
2.  That its importance was apparent upon its face, and when the defendant
    accepted it and the money to forward it, in law it undertook to forward
    and deliver it at once.   That was the consideration for which it accepted
    the plaintiff's money.
3.  That even if the defendant used the effort to reach Mr. Kaler that it
    claims to have used, it was negligent and failed to perform the duty that
    it owed to the plaintiff.
4.  There is nothing in the case which excuses the defendant from its
    negligence after the message was received at the Portland office, and for
    that negligence, the plaintiff is entitled to recover such damages as she
    sustained by reason thereof.

On report.   Judgment for the plaintiff for forty cents.

This is an action on the case to recover damages for the alleged
negligence of the defendant in not seasonably delivering a message
received by it from the plaintiff.   Plea, the general issue.   At the
conclusion of the evidence, the case was reported to the Law Court
upon the following stipulation, namely;

The parties agreeing thereto, this case is reported to the Law
Court upon so much of the foregoing testimony as is legally admis-
sible; the Law Court to decide all questions of law and fact involved,

and if the Law Court finds for the plaintiff and that the plaintiff is entitled to more than nominal damages, the court shall assess damages in the sum of two hundred and seventy-five dollars.

The case is stated in the opinion.

*Merrill & Merrill,* for plaintiff.

*Symonds, Snow, Cook & Hutchinson, and Payson & Virgin,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, KING, HALEY, JJ.

HALEY, J.    This is an action on the case to recover damages for the alleged negligence of the defendant in not seasonably delivering a telegraph message received by it from the plaintiff, and is before this court on report.

In the fall of 1908 the plaintiff taught a part of the fall term of the South Portland high school, substituting for Mrs. Chase, and finished the school year as a teacher in the grade schools of that city. On Monday, August 23, 1909, she received a letter from Mr. James Otis Kaler, superintendent of the South Portland schools, directed to her which read as follows:

"Do you want Mrs. Chase's position for High School? She resigned yesterday, and if I can find you, and you want the position; you can have it; but I must succeed in getting word from you very soon. I am sending this same letter to several places where there seems a possibility of its reaching you. James Otis Kaler."

This letter was written and mailed at South Portland August 21, 1909, and was received by the plaintiff Monday, August 23d, at about 10.30 A. M., at her home in Skowhegan. At about noon of the day the letter was received the plaintiff tried to reach Mr. Kaler by telephone, to accept the position offered, but did not succeed in reaching him. At 1.30 P. M. the same day she delivered to the defendant, at it's office in Skowhegan, a telegram, to be forwarded to Mr. Kaler, and paid the defendant the regular charge of twenty-five cents, and also fifteen cents additional to have the message delivered to Mr. Kaler at South Portland, she having been notified that the defendant had no office at South Portland, and that the charge for delivering it in that city would be fifteen cents. The message read as follows:

"Aug. 23, 1909. To Mr. James Otis Kaler, Ocean Street, South Portland, Maine. Will accept Mrs. Chase's position. Please write me at once. J. L. Sturtevant."

During the summer months Mr. Kaler lived at Cape Elizabeth, five or six miles from his home in South Portland. At his summer home he had no telephone, but had one at his home in South Portland. Prior to August 23d, Mr. Kaler had instructed the defendant to telephone all his messages, and not to send a messenger with them, and after telephoning to his home in South Portland enough to satisfy themselves that he was not there, to mail his messages to him.

The plaintiff claims that there is no legal evidence to show the defendant used the effort to reach Mr. Kaler that it claims to have made. It is not necessary to pass upon that question, as we think if the defendant did all that it claims to have done, it was negligent and failed to perform the duty that it owed to the plaintiff. Telegrams are sent because the sender desires the contents communicated to the addressee at once. That method is employed instead of the mail because of its dispatch. The message showed that it was the acceptance of an offer. Its importance was apparent upon its face, and when the defendant accepted it, and the money to forward it, in law it undertook to forward and deliver it at once. That was the consideration for which it accepted the plaintiff's money. Of course it had a reasonable time in which to deliver it, which was to be determined from the nature of the business of transmitting messages by electricity. The defendant was not obliged to deliver the message to Mr. Kaler at Cape Elizabeth, five or six miles from the place named for delivery in the message, but when it was received at its Portland office at two minutes past two P. M. it knew Mr. Kaler was not living in South Portland. He had so informed them, and they knew when they had tried unsuccessfully at 2.17 P. M. to reach him at South Portland, by telephone, that he was not at his home in South Portland, and must have known from his instructions to them that he was at Cape Elizabeth. Mr. Kaler's instructions to the defendant to mail his messages did not change or modify the contract between the plaintiff and the defendant. He might not be able to hold the defendant liable for not delivering to him a message within a reasonable time by reason of his instructions

to the defendant, but the plaintiff was not a party to that arrangement, and had the right to insist that the defendant perform the contract made with her. It was the duty of the defendant, when it failed to get Mr. Kaler at his home in South Portland, if it did not intend to send the message to him at Cape Elizabeth without further charges, to have at once notified the plaintiff by telephone or telegraph of that fact, and of the additional expense of sending the message to Cape Elizabeth, that she might, if she desired, have had it forwarded to that place. But the defendant saw fit to retain the message the rest of that day and the following night, and then send it to Mr. Kaler by mail.

There is nothing in the case which excuses the defendant from its negligence after the message was received at the Portland office, and for that negligence the plaintiff is entitled to recover such damages as she sustained by reason thereof.

Mrs. Chase was elected teacher of the South Portland high school June 15, 1909, to serve during such portion of the ensuing year as should be the pleasure of the board. She resigned her position about the middle of August, 1909. It appears that Mr. Kaler was the superintendent of schools of South Portland, and on August 21st he notified Dr. Brown, as a member of the school committee and chairman of the high school committee, that Mrs. Chase had resigned, and they immediately began their efforts to find a substitute, and it was agreed that if either of them succeeded in getting a teacher that would be satisfactory, he should be engaged and the other notified. Mr. Kaler wrote to the plaintiff with the knowledge of Dr. Brown, and letters were written to other teachers. On the same day, August 21st, Ralph E. Sawyer applied to Dr. Brown for the position. Dr. Brown talked with the other members of the committee, and engaged Mr. Sawyer to fill the vacancy, and early Monday morning he informed Mr. Kaler that he had engaged Mr. Sawyer for the position, and Mr. Kaler ratified the engagement. Mr. Sawyer taught the school the balance of the year. As Mr. Sawyer was engaged before noon on Monday, August 23d, to fill the vacancy caused by the resignation of Mrs. Chase, the neglect of the defendant to deliver the message sent by the plaintiff accepting the position, did not cause her to lose the position, because her message was not given to the defendant to be forwarded until 1.30 P.

M., more than an hour and a half after the position had been filled, and the defendant's neglect was not the cause of her not obtaining the position.   The only damages claimed or proved, are that she was prevented from accepting the position made vacant by Mrs. Chase, and the forty cents paid the defendant for transmission and delivery of the message.

*Judgment for plaintiff for forty cents.*