(123 So. 76)

C. M. McMAHEN & SONS v. WESTERN UNION TELEGRAPH & CABLE CO.
(6 Div. 315.)

Supreme Court of Alabama. May 30, 1929.

Rehearing Denied June 27, 1929.

M. B. Grace, of Birmingham, for appellant.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellee.

SAYRE, J. ██ Action for delay in delivering a telegram whereby plaintiff, appellant, claims to have lost the profit on the sale of a carload of potatoes. The telegram was received in Birmingham at 4:38 on Saturday afternoon. Plaintiff's place of business was directly across the street from defendant's nearest branch office. Defendant had delivered telegrams to plaintiff at that place for many years. On Saturdays plaintiff's place customarily closed about 4 o'clock. Defendant's record, which had been kept by an employé who was not available at the trial, showed repeated unsuccessful efforts on Saturday afternoon and on Sunday to communicate by telephone with a member of plaintiff firm at his home, and then a delivery at 7 o'clock Monday forenoon. Thereupon plaintiff telegraphed its acceptance of the offer which had been made by the message of Saturday afternoon; but the proposed buyer then sent a telegram saying that plaintiff's acceptance had come too late, whereupon plaintiff disposed of the potatoes in Cincinnati, to which place they were in transit when the proposed buyer made his offer. It was doubtful that members of the firm lived within free delivery limits. On the evidence the jury may well have found that they lived without such limits. In these circumstances it was a question for jury decision whether or no defendant had exercised reasonable and proper diligence to deliver the message of Saturday afternoon, nor can this court, reviewing the trial court's order overruling plaintiff's motion for a new trial, say with

638

any assurance that there was error in that ruling.

■ Plaintiff's charges, which we have marked 1 and 2 on the margin of the record, were refused without error, for the reason that they sought to lay too great a burden upon defendant in the matter of delivering the telegram in question. Defendant's duty was to use reasonable diligence—the nature of its business being considered, of course— to deliver. Moreover, defendant's duty was to exercise due diligence to deliver to the addressee, a mercantile firm, at its place of business. We are not advised that any duty rested upon defendant to know or seek individual members of the plaintiff firm elsewhere. The fact that it sought to reach individual members of the firm elsewhere might well serve to show, or tend to show, what measure of diligence defendant exercised in its effort to make delivery of the telegram.

■■ Charges 3, 4, and 5, refused to plaintiff, fail to state the necessary facts on which to base a recovery by plaintiff. Upon being informed that the Sanzone-Palmisano Company, the Cincinnati concern which made the offer shown by the telegram of Saturday, had refused to take the potatoes because plaintiff's acceptance of the price offered had been unduly delayed, it became the duty of plaintiff, who still had his potatoes, to obviate or minimize the impending loss; that is, to show the extent of his loss by seeking with reasonable diligence another purchaser on the best terms reasonably available. Veitch v. Western Union Tel. Co., 6 Ala. App. 328, 59 So. 352, where the law is well stated. These charges omitted any statement as to the last-mentioned limitation on the alleged right of recovery. Moreover, these charges were objectionable in form for the use of the word "believe," and may have been refused for that reason. Birmingham Belt R. Co. v. Nelson, 216 Ala. 149, and cases cited on page 151, 112 So. 422, 423.

■ Charge 6 had the same fault, and, besides, sought to impose on defendant the duty to know and seek out individual members of the firm.

■ The meaning of the charge we have marked 7, given for defendant, is not clear, but we take it to mean that, if plaintiff responded with reasonable diligence to the telegraphic offer of Sanzone-Palmisano Company, the duty of diligence being dated from the time when the company delivered the telegram to defendant for transmission, then plaintiff had no cause of action against the telegraph company—that its real cause of complaint was against the Sanzone-Palmisano Company. The charge might have been refused without error, but we do not see that it instructed the jury, if at all, to plaintiff's undue prejudice.

Judgment affirmed.

ANDERSON, C. J., and THOMAS, J., concur.

As to charges 3, 4, 5, and 6, BROWN, J., concurs, on the authority of Birmingham Belt R. Co. v. Nelson, 216 Ala. 151, 112 So. 422.