GEORGE W. CLARK, RESPONDENT, v. THE WESTERN UNION TELEGRAPH COMPANY, A CORPORATION, APPELLANT.—33 S. W. (2d) 982.

St. Louis Court of Appeals. Opinion filed January 6, 1931.

*Jones, Hocker, Sullivan & Angert* for appellant.

*Francis R. Stark* of counsel.

*Louis J. Portner* for respondent.

NIPPER, J.—This is an action to recover for damages alleged to have been sustained by the plaintiff because of the failure of the defendant to promptly and properly deliver a telegram sent by the plaintiff from Rolling Fork, Mississippi, on December 12, 1925, to L. W. Salway, at Newport, Arkansas. The amount of damages claimed is $500. The message sent, omitting date and signature, is as follows: "Get down here and not later than Tuesday night O. K."

After trial in a justice court, the case was appealed to the circuit court, where a trial was had before the court and a jury. There

was a verdict and judgment in favor of plaintiff for the sum of $500, and defendant has appealed.

The evidence discloses that plaintiff, George W. Clark, lived in the city of St. Louis, and is a drainage contractor, doing business under the name of George W. Clark Construction Company, in which business he had been engaged for many years. He had a contract to do certain work near Newport, Arkansas, and the machinery with which he was to do the work was at Rolling Fork, or near Rolling Fork, Mississippi. He had communicated with some parties at Rolling Fork to advise him as to the condition of the roads and the river so that he might be able to move this machinery from Rolling Fork, Mississippi, to Newport, Arkansas, at the opportune time. He received information from parties at Rolling Fork that the roads and the river were in such condition that the property could be moved. He immediately left his work at Newport, Arkansas, and proceeded to Rolling Fork, and left the business at Newport in charge of his foreman, L. W. Stalway, and his son, Kenneth Clark. On the 12th day of December, 1925, he proceeded to the office of the Postal Telegraph-Cable Company, at Rolling Fork, and there sent the message above referred to, to his foreman at Newport, Arkansas. This message was not delivered until about a week later, at which time the river and roads were in such condition that plaintiff could not move the machinery, and he was put to considerable expense and damage on account of the delay in the failure of defendant to promptly deliver the telegram.

Without going into great details as to the nature and character of the evidence as to damages, suffice it to say that plaintiff introduced ample competent evidence to show that he suffered damages to the extent of the amount he recovered. The message was sent from Rolling Fork via Jackson, Mississippi, and from Jackson the message was transferred and sent over the line of defendant.

There is evidence to the effect that plaintiff at or about the time he sent the message gave to the agent of the Postal Telegraph-Cable Company at Rolling Fork, Mississippi, sufficient oral information from which it could be reasonably inferred that the message was important and referred to a business transaction.

The evidence offered on the part of the plaintiff discloses that the object and purpose of sending the message was to have his foreman and other men come at once to Rolling Fork, Mississississippi, in order that they might move the machinery, which was located at a distance of about eight miles from Rolling Fork, while the river and roads were in such condition that it could be moved.

That plaintiff suffered damages on account of the failure to deliver this message, there can be no doubt.

The real questions presented here on appeal are two: First, was the message sent such as to show on its face that it related to a

business transaction and that the damages for failure to deliver were such as might reasonably be expected to result from such failure to deliver; second, was extrinsic notice to the agent of the Postal Telegraph Company notice to defendant?

After examination of the authorities upon this question, we have come to the conclusion that the telegram on its face did not disclose sufficient facts to show that the message related to a business transaction and that the defendant may with reasonable certainty know that damages were likely to follow from the failure to deliver the message.

In Melson v. Western Union Telegraph Co., 72 Mo. App. 111, plaintiff sent the following message: "If possible come to Shelbina in the morning." The court held that recovery could not be had in that case because the telegram did not disclose the nature of the business or matter contemplated thereby, and that by reason thereof recovery should be limited to the price paid for sending the · message.

In Faulkner v. Western Union Telegraph Co. (Mo. App.), 13 S. W. (2) 1088, the same court held with respect to the following telegram, "Shall be glad to interview you preferably Monday," that the message was insufficient, standing by itself, to indicate the nature of the business, or that it referred to any business transaction whatever. Recovery was permitted in that case upon the ground that defendant had extrinsic knowledge of the fact that it did refer to a business transaction on account of a previous telegram that had been sent with respect to the same matter.

Plaintiff relies, among others, on the case of Jacobs v. Western Union Telegraph Co., 196 Mo. App. 300, 196 S. W. 31. In that case there was a message sent by some one in Cincinnati to Harry L. Jacobs, an attorney, in Kansas City. The telegram, omitting date and signature, was as follows: "Two suits involving Iowa interstate liquor shipments will be heard at Ottumwa next Thursday. One suit is against United States Express Company to enjoin it from deliverying shipments. In the other suit consignees for personal use are defending against seizures. Counsel will have preliminary conference at Ottumwa Wednesday. I expect to attend."

This suit was not brought by the sender of the telegram, but by the sendee, and the court held that the telegram showed on its face that the sendee was an attorney, and that he was being informed of the date when two suits would be heard, and that there would be a conference of attorneys interested. It was further stated by the court that defendant must have known that attorneys receive compensation for services rendered, and do not receive compensation if they fail to render service.

This is wholly unlike the telegram in the instant case, and we are clearly of the opinion that plaintiff cannot recover even in an

action in tort, unless extrinsic notice to the agent of the Postal Telegraph Company was notice to the defendant. This is the only remaining question in the case of any particular significance. We have, after examination, arrived at the conclusion that this is not sufficient to make defendant liable. This being an interstate message, Federal authority controls, and we are bound by the rules of Federal construction.

In Basila v. Western Union Telegraph Co., 24 Fed. 570, it was held that the Carmack Amendment to the Interstate Commerce Act, which makes initial carriers liable for the negligence of connecting carriers, does not apply to telegraph companies.

Respondent contends that there being no decisions in Missouri directly upon this question, we are controlled by the rule of construction in Missouri, to the effect that there is a privity between the initial and the connecting carriers so as to make one the agent for the other so far as the contract of carriage is concerned. But we do not think this rule can be construed to extend to the facts of this case so as to make defendant liable. Under the Federal rule, defendant could not be held liable upon the ground that the extrinsic notice of the importance of the telegram, imparted to the agent of the Postal Telegraph Company at Rolling Fork, Mississippi, was binding on defendant in the absence of the fact that the telegram itself imparted such notice. [See also: Baldwin v. United States Telegraph Co., 45 N. Y. 744; 26 R. C. L., p. 559.]

Under the facts of this case, as disclosed by the record before us, we are of the opinion that plaintiff was not entitled to recover the amount of the actual damages he sustained, for the reasons above stated.

The judgment is accordingly reversed and the cause remanded. *Haid, P. J.,* and *Becker, J.,* concur.