(124 So. 286)

**WALLACE v. ELLIOTT.  (6 Div. 414.)**

Supreme Court of Alabama.  Oct. 24, 1929.

Wilkinson & Burton and Frank A. Wilkinson, all of Birmingham, for appellant.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

BROWN, J. Action of assumpsit by appellee against appellant. The complaint consists of two counts; the first is the common count for money due by account, and the second declares for money due as rent under a contract between the plaintiff and defendant for the months of October and November, 1923, for premises in Inglenook; Ala., known as the W. W. Coghill building, rented by the plaintiff to the defendant, which the defendant failed or refused to pay. The pleas were not indebted, and a denial of the allegation of the complaint, both in legal effect the general issue.

The evidence is without dispute that, at the time negotiations for lease of the premises were commenced, the property was owned by Coghill, and he testified that he rented the premises to the defendant for one year, at a rental of $150 per month, and his evidence goes to show that a written lease was to be signed, and that before the lease was signed he sold to plaintiff and his brother—the plaintiff afterwards acquiring the brother's interest—and stated to plaintiff his understanding of the terms of the lease, between himself and the defendant, and suggested the matter be closed by having the lease signed.

The evidence offered by the defendant tended to show that he leased the building from Coghill, agreeing to pay the rent up until the time a corporation was formed to conduct the business of operating a hotel or boarding place for strike breakers during a strike at the railroad shop; that he and his associates entered upon the business contemplated, and conducted the same for three months, renting some parts of the building to other tenants; that the agreement was that, when the corporation was perfected, it was to become the tenant, and that he individually was not to be further responsible; that there was no agreement or understanding that a written lease would be given, and he refused to sign such lease. Coghill's testimony tended to show that he made no agreement to accept the corporation when formed, as a tenant. The evidence further shows that defendant and his associates incorporated the Inglenook Investment Company, and turned over to it all the furnishings and fixtures used by them in connection with the business, under a lease sale contract, retaining the title to the property in the defendant, and thereafter the rent—except for the two months in controversy—was paid by the corporation through its president, one Bentley.

Coghill's testimony going to show that defendant rented the premises for a term of one year was corroborated by other evidence offered by the plaintiff, i. e., his admission to the plaintiff when he first called him over the 'phone, and the letter written by Beavers, the former agent of Coghill, whose testimony tended to show that he wrote the letter at the instance of defendant, in which it was stated: "I am writing you at the instance of Dr. S. H. Wallace. Dr. Wallace and his associates have rented for a term of one year, beginning November 1st, 1922," etc.

■ There is no affirmative evidence that defendant assigned his entire term, if in fact he rented for the year, or of any subletting to the corporation after it was formed; and these questions were, at most, left to inference which it was the province of the jury to draw. The evidence was likewise in conflict as to whether or not the parties contemplated that the lease was to be in writing, and was without dispute that, notwithstanding defendant's refusal to sign a written lease, and after the negotiations were concluded, he assumed possession of the premises, and he and his associates occupied them, either as a partnership or a corporation, for the entire term.

■ Therefore it was not for the court to hold as a matter of law that the dealings between the parties were "mere negotiations looking toward the creation of a lease, * * * or that the parties stipulated that the contract should be reduced to writing," or that "a formal (written) lease was intended," or that monthly rent was paid pending negotiations, and established a tenancy from month to month; or that, with the concurrence of both parties, a third was treated as "the landlord's immediate tenant," or that "some act, inconsistent with the subsisting relation of landlord and tenant, was committed or done by the original parties, implying a surrender to a third;" "or that acts occurred which are (were) equivalent to an agreement on the part of the tenant to abandon, and on the part of the landlord to resume possession of the premises," or that there was an assignment of the lease by the defendant to the corporation.

The affirmative charge was well refused.

■ After allowing all reasonable presumptions of its correctness, we are not able to say that there was such preponderance of the evidence against the verdict of the jury as to clearly convince us that it is wrong and unjust; therefore error cannot be affirmed in the ruling of the court on the motion for new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Southern Ry. Co. v. Kirsch, 150 Ala. 659, 43 So. 796.

■■ Refused charge made the basis of assignment of error 3 belongs to the "if you be-

lieve from the evidence" class, and its refusal was not reversible error. Birmingham Belt R. Co. v. Nelson, 216 Ala. 149, 112 So. 422, 423. Moreover, the charge was invasive of the province of the jury.

■ The deposition of the witness Coghill was taken on interrogatories filed by the plaintiff and cross-interrogatories filed by the defendant. No objections were filed to the direct interrogatories, and, so far as appears, the statement of the witness, "All of my transaction was with Dr. Wallace, and not with a corporation. *I wanted Dr. S. H. Wallace personally as the lessee, and would not accept the corporation.* Dr. Wallace agreed to this," was responsive to the interrogatories. [Italics supplied.] The motion to exclude that part of the answer italicized, though it be conceded that, if timely objection had been made, it should have been excluded, was overruled without error. A. G. S. R. Co. v. Bailey, 112 Ala. 167, 20 So. 313.

■ Dr. Wallace testified without objection: "I told him I would be responsible for the rent until the corporation was formed to take over the building, and he said that would be perfectly all right." He also testified that he paid the rent for the first three months, and paid nothing more after that; and, if error was committed in sustaining the objections, and motion made the basis of assignments of error 5 and 6, it was error without injury.

The proceedings of the trial court are free from reversible error, and the judgment is due to be affirmed. It is so ordered by the court.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.