## LIPSCOMB v. MOORE.

### 8 Div. 518.

Supreme Court of Alabama.

Nov. 16, 1933.

W. H. Long, of Decatur, for appellant.

A. J. Harris and Norman W. Harris, both of Decatur, for appellee.

550

KNIGHT, Justice.

Action by R. L. Moore, appellee, instituted in the circuit court of Morgan county against D. F. Lipscomb, appellant here, to recover damages for malicious prosecution and false imprisonment. The suit resulted in verdict and judgment for plaintiff, and from that judgment the defendant prosecutes the present appeal.

It appears from the evidence in the cause that the plaintiff rented some land for a period of years, commencing with the year 1926, from one J. A. Kay; that this land adjoined lands owned by, and in the possession of, the appellant. At the time the plaintiff rented the lands adjoining the Lipscomb land, there was an old fence separating the lands rented by appellee from the lands of appellant. Shortly after Moore rented the lands, and entered into the possession of the same, it was agreed between Kay, the landlord of Moore, and Lipscomb, that a new fence should be erected between the two tracts of land; that Kay was to furnish the wire, Lipscomb the posts, and Moore was to do the work. Accordingly, Kay did furnish the wire, Lipscomb the posts, and Moore constructed the fence. It was quite a while after the fence was constructed that Lipscomb visited the place and discovered that Moore had placed the fence beyond the line of Kay's land, and had encroached some distance upon the lands of Lipscomb, "had cleared" some of it, and was cultivating it. It also appears, without dispute, that Lipscomb then warned the said Moore not to trespass upon any of his lands. This warning, given in 1927, was not observed, and thereafter Moore's landlord, Kay, paid Lipscomb $42.50 for the use or rent of the land by his tenant, Moore, for the year 1929. During the year 1930, Moore continued in possession of a part of the Lipscomb land, cultivating and growing a crop thereon, but without paying or agreeing to pay rent therefor. It also appears that on or about the 11th day of March, 1930, Lipscomb gave Moore a written notice in words as follows:

"Laceys Springs, Ala.

"R. L. Moore: You are hereby notified not to trespass on any lands I own or have under my control under penalty of the law.

"Witness my hand this 11th day of March, 1930.

"D. F. Lipscomb."

On or about the 28th day of April, 1930, Lipscomb gave Moore a further written notice as follows: "You are hereby notified that your possessory interest has been terminated and demand for the possession of the following described land is hereby made upon you," then follows a description of the land. To these demands Moore made no response, but continued to hold the land. At the time these several notices were given, Moore had been in possession of the land for more than three years, cultivating a portion of it.

On the 28th day of May, 1930, Lipscomb made and filed with Thomas F. Russell, a justice of the peace of Morgan county, Ala., an affidavit in words as follows:

"State of Alabama, Morgan County.

"Before me, Thomas F. Russell, J. P., personally appears D. F. Lipscomb who, after being duly sworn, says that within sixty days before the making of this affidavit, and in Morgan County, Alabama, R. L. Moore did without legal cause or good excuse *entered* on the premises of D. F. Lipscomb, after having been warned within six months preceding not to do so against the peace and dignity of the State of Alabama."

On the same day, based upon said affidavit, the said justice issued to the sheriff a warrant of arrest for the said Moore, and this was thereafter executed by the sheriff by arresting Moore, and committing him to jail. Moore remained in jail from Sunday evening until the following Monday, when he made bond and was released from custody. When the case came up for hearing, the defendant waived preliminary examination, and demanded a grand jury investigation. Subsequently, the grand jury, upon investigation of the case, failed to indict the said Moore, and the case was thus ended, and this occurred before the present suit was instituted. There was never a trial or formal acquittal of Moore.

On the 23d day of January, 1931, the said Moore filed this suit against the said Lipscomb.

Numerous errors are assigned upon the record, but many of them have not been argued in brief of counsel.

It must be borne in mind that the specific charge, upon which Moore was caused to be arrested, was that he "without legal cause or good excuse, entered on the premises of D. F. Lipscomb, *after having been warned within six months preceding not to do so.*"

Section 5554, Code, embraces two separate and distinct offenses under the common designation of trespass after warning; or, in other words, the offense of trespass after warning may be committed in two different and distinct ways, first, where the defendant "without legal cause or good excuse, enters into the dwelling house or on the premises of another,

after having been warned, within six months preceding, not to do so"; and, second, where the defendant "having entered into the dwelling house or on the premises of another without having been warned within six months not to do so, and fails or refuses, without legal cause or good excuse, to immediately leave on being ordered or requested to do so by the person in possession, his agent or representative." Brunson v. State, 140 Ala. 201, 37 So. 197.

■ It will be observed that Lipscomb elected to charge Moore with the commission of the first offense denounced by the statute. The evidence was without dispute that Moore had entered upon the lands of Lipscomb long before any notice was given him, and at the time the notices were in fact given, he was still in possession of the land cultivating the same. Moore was confessedly not guilty of the first offense denounced by section 5554, with which Lipscomb had elected to prosecute him, and therefore the court committed no error in giving the plaintiff's written charges 1 and 1½. Brunson v. State, supra; Watson v. State, 63 Ala. 23: Goldsmith v. State, 86 Ala. 55, 5 So. 480; McLeod v. McLeod, 73 Ala. 42; Matthews v. State, 81 Ala. 66, 1 So. 43.

■ It is insisted by appellant, with respect to charge 1½, that if Lipscomb was in possession of the land immediately before Moore went on said land and Moore's possession was wrongful, he was a trespasser ab initio so far as Lipscomb was concerned; and the fact that Lipscomb gave him notice not to trespass on his land after appellee went on it, makes it a clear case of trespass after warning, and the above charge should not have been given.

In support of appellant's contention we are referred to the cases of Wright v. State, 136 Ala. 139, 34 So. 233; Snedecor v. Pope, 143 Ala. 275, 39 So. 318; Louisville & N. R. R. Co. v. Higginbotham, 153 Ala. 334, 44 So. 872; Holland v. State, 139 Ala. 120, 35 So. 1009.

In the Wright Case, supra, the defendant was charged specifically in the indictment with the commission of the second offense denounced by section 5554. Of course, under such an indictment, if the defendant had entered without having been first warned not to do so, he could be convicted of trespass, if after so entering, he refused to leave without legal excuse or good cause, on being warned to do so. The cases of Snedecor v. Pope, supra, and Higginbotham's Case, supra, were trespass cases, but not trespass after warning, punishable under the statute. One, of course, may commit a trespass upon the property of another, rendering him answerable in damages, and yet not be guilty of either offense included in, and made punishable by section 5554. There is nothing in the case of Holland v. State, supra, which gives support to appellant's contention with respect

to charges 1 and 1½. The evidence without dispute shows that defendant was not guilty of the particular offense with which he was charged.

■ It is next insisted in brief of appellant that the court committed reversible error in giving the jury plaintiff's requested charges 3 and 5. Charge 3 instructed the jury that, if Lipscomb instituted the prosecution against Moore for the purpose of obtaining possession of land of which Moore had possession, the prosecution was maliciously instituted. This charge asserts, as a matter of law, that if Lipscomb instituted the prosecution for the purpose of obtaining possession of the land of which Moore had possession, then in such case the prosecution was maliciously instituted. In the case of Jordan v. Alabama Great So. R. R. Co., 81 Ala. 220, 8 So. 191, 192, it is said: "Any motive, not a bona fide purpose, or, *not associated with a bona fide purpose*, of bringing a person to punishment as a violator of criminal law, is a malicious motive on the part of the person who acts under its influence. * * * Criminal laws were enacted for the promotion of public security and public repose, and should be executed in the same spirit. It is no violation of that spirit, however, which will stay the arm of the law, if the person who invokes its restraining or punitive power has a private grievance to redress, or a private malice to goad him on, *provided a criminal offense has been committed by the accused, or there is probable cause for believing he has committed such offense.*" (Italics supplied.)

Again, in the case of Lunsford v. Dietrich, 93 Ala. 565, 9 So. 308, 310, 30 Am. St. Rep. 79, Chief Justice McClellan, writing for the court, said: "It is quite erroneous to suppose, as stated or implied in some of defendant's requests for instructions, that an element of the malice necessary to support this action consists in a desire to injure the party prosecuted. Any other motive than a bona fide purpose to bring the accused to punishment as a violator of the criminal law, or *associated with such bona fide purpose*, is malicious. * * * Whatever is done willfully and purposely, whether the motive be to injure the accused, to gain some advantage to the prosecutor, or through mere wantonness or carelessness, *if it be at the same time wrong and unlawful within the knowledge of the actor*, is in legal contemplation maliciously done. Jordan v. Ala. Gr. So. R. R. Co., 81 Ala. 220, 8 So. 191; Ross v. Langworthy, 13 Neb. 492, 14 N. W. 515; Spear v. Hiles, 67 Wis. 350, 30 N. W. 506; Forbes v. Hagman, 75 Va. 168; Mitchell v. Wall, 111 Mass. 492; Pullen v. Glidden, 66 Me. 202."

It will be observed, however, that charges 3 and 5 deal only with the one subject, namely, malice, one of the necessary elements in a case of malicious prosecution, and under-

takes to define the term. The charges neither undertake, nor do they purport, to direct a verdict for the plaintiff, if the jury should find that the defendant was moved by malice to initiate the prosecution. Being limited in their scope as to what would, in a case of malicious prosecution, constitute malice, they assert sound propositions of law, propositions too well embedded in our law to admit of doubt of their correctness, and hence there was no error in giving them. Jordan v. Ala. Gr. So. R. R. Co., supra; Lunsford v. Dietrich, supra.

Likewise, charge 4, given at the request of the plaintiff, dealt only with "probable cause," and it correctly stated the law on the subject. Hence, there was no error in so instructing the jury. . Authorities, supra.

We are of the opinion that while charge 8, given at the request of the plaintiff, may be misleading, yet we cannot say it does not assert a correct proposition of law, for if the prosecution was instituted without probable cause, and the jury were not reasonably satisfied that the prosecutor laid before his attorney a full and fair statement of the facts, and the jury were satisfied that the prosecution was instituted to serve a personal end, then, of course, the jury could award punitive damages. Parisian Co. v. Williams, 203 Ala. 378, 83 So. 122; Coleman v. Pepper, 159 Ala. 310, 49 So. 310.

The court will not be put in error for refusing defendant's written charge 1, if otherwise sound. We have repeatedly held that the required measure of proof was "reasonable satisfaction," charge 1 uses the word "believe." Under the repeated decisions of this court, the trial court will not be reversed for giving or refusing such a charge. Birmingham Belt Rwy. Co. v. Nelson, 216 Ala. 149, 112 So. 422; Warner v. Warner, 223 Ala. 524, 137 So. 418; Cain v. Skillin, 219 Ala. 228, 121 So. 521, 64 A. L. R. 1022; Ala. Lime & Stone Co. v. Adams, 218 Ala. 647, 119 So. 853; Wallace v. Elliott, 220 Ala. 125, 124 So. 286.

Charge 4 (numbered by us for convenience) requested in writing by the defendant was properly refused, as there was no evidence that Moore had been acquitted, but simply that the grand jury had refused to indict him.

Charge A (so numbered by us) was refused to defendant without error, for the reason, if for no other, it assumed that the plaintiff could have made bond and stayed out of jail.

There are numerous assignments of error upon the record based upon rulings of the court in admitting and rejecting evidence.

Many of these assignments are not argued in brief, and we shall, of course, following our uniform ruling, treat them as waived.

The question propounded to the witness Gibson, on cross-examination, viz., "He could have made bond if he had wanted to, couldn't he?" called for an expression of the opinion or conclusion of the witness, and was, therefore, subject to objection. While the court sustained the plaintiff's objection to the question propounded to the witness Gibson, viz., "Didn't he offer to go on Mr. Moore's bond at that time?" yet the witness thereafter testified that such an offer was made by Mr. Kay, but that Moore stated he preferred to go to jail. Hence appellant can take nothing by this assignment.

We are of the opinion that the court committed no error in permitting plaintiff to offer evidence, over the objection of the defendant, of the forcible entry and unlawful detainer suit, which was instituted by Mr. Lipscomb against Moore. This evidence tended to show an admission by the defendant that the plaintiff was in possession of the premises at the time it was charged that plaintiff committed the trespass for which he was prosecuted.

We are also of the opinion that the appellant can take nothing by his twenty-first assignment of error. The witness had answered the question before the objection was made, and, while the court sustained plaintiff's objection, the answer was not excluded, but remained before the jury.

Appellant can take nothing by his assignment of error presenting the propriety of the court's action in overruling his objection to the following question propounded by plaintiff's counsel to the plaintiff, when testifying in the case: "You did pay part of the rent agreed?" The witness had answered the question before the objection was made. The objection, therefore, came too late. And for like reason, appellant can take nothing by his thirty-first assignment of error.

The defendant should have been allowed to show how long he had paid taxes on the land in question, but in view of the fact that, under the evidence, Moore could not have been convicted of the charge made against him, we are of the opinion that the ruling could not have injured the appellant.

Finding no reversible error in the record the judgment of the circuit court is due to be, and is, here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.