171 So. 757

## ROBERTS v. MURPHY.

### 8 Div. 391.

Court of Appeals of Alabama.

Oct. 6, 1936.

Rehearing Denied Nov. 17, 1936.

Bradshaw & Barnett and Fred S. Parnell, all of Florence, for appellant.

Raymond Murphy, of Florence, for appellee.

SAMFORD, Judge.

There was no reversible error in the ruling of the court sustaining defend-

ant's demurrer to count 1 of the complaint for the very good reason that plaintiff had the full benefit of any claim which she might have had in the suit in the second count, and, if there was error in overruling the demurrer, it certainly was without prejudice.

Count 2 as amended, while informal in its claims, sufficiently sets forth the claim of the plaintiff, and to this count demurrers were overruled. The alleged promise of the defendant, supported by the transfer. and acceptance of property made by her to discharge a pecuniary obligation of the promisee to a third person, such third person assenting thereto, while the promise remains in force, is entitled to bring suit in her own name, though not otherwise a party to the contract. Moore v. First National Bank of Florence, 139 Ala. 595, 36 So. 777, 780; Coleman v. Hatcher, 77 Ala. 217; Potts v. First National Bank, 102 Ala. 286, 14 So. 663; Sloss-Sheffield Steel & Iron Co. v. Taylor, 16 Ala.App. 241, 77 So. 79.

"In a case so founded, it is immaterial whether the plaintiff has relinquished his debt as against the promisee. The transaction amounts simply to an undertaking on the part of the promisor to perform his own obligation created by his contract with the promisee, and not to a promise to pay the debt of another within the meaning of the statute of frauds." Moore v. First National Bank of Florence, supra; Coleman v. Hatcher, supra; Mason v. Hall, 30 Ala. 599.

The case, however, went to the jury on pleas 3 and 4, to which no demurrer had been interposed and which thereby, under our decisions, became a complete answer to the complaint if the same were proven. It is the rule in this jurisdiction that parties may try the case upon such issue as they may desire, and appellate courts will enforce the rights of litigants upon cases so tried. Pleas 3 and 4 were not answers to the complaint. The cause of action set up in the complaint did not come within the purview of the statute (Code 1923, § 8034 (3) at all. The obligation was not to answer for the debt or default of another, but was a direct obligation of the defendant to pay certain indebtedness for and on account of a valuable consideration. However, we have nothing to do with that. Parties litigating this case assume the issue under pleas 3 and 4 and the evidence on this point was undisputed that there was no memorandum, note, or other writing signed by. the defendant or any one authorized in writing by her to bind her by which this defendant agreed to pay the note sued on, and said note was the note of J. C. Roberts and S. S. Roberts and not the note of defendant. The trial court therefore was not in error in giving the general charge for the defendant upon plea 3, but he was in error in setting aside the judgment and granting a motion for a new trial. Fraternal Aid Union v. Monfee, 230 Ala. 202, 160 So. 529; White v. Yawkey, 108 Ala. 270, 19 So. 360, 32 L.R.A. 199, 54 Am.St.Rep. 159.

In enforcing this rule we are aware of the fact, as said by Somerville, justice, in Drake v. Nunn, 210 Ala. 136, 97 So. 211, that it is highly technical and sometimes promotive of injustice, but has been firmly established by the decisions of the Supreme Court of Alabama. The foregoing is not an exact quotation, but in substance is the rule laid down by Somerville, justice, in the above-cited case and is sustained by Central of Georgia Railway Co. v. Gross, 192 Ala. 354, 68 So. 291.

Other grounds in the motion for a new trial have been examined and found to be without merit, but for the error pointed out, the judgment of the lower court is reversed, and the cause is remanded.

Reversed and remanded.