## Bell, Secretary of Banking, etc., v. Williams

*J. J. Cohen* and *B. J. Kelley*, for plaintiff.
*Moore, Gossling & Panfil*, for defendant.

FLOOD, J., April 16, 1941.—Defendant's demurrer to plaintiff's amended statement of claim in assumpsit raises the issue of its legal sufficiency.

According to plaintiff's averments, on September 9, 1931, one N. S. Morgan gave a promissory note for $8,000 to the Franklin Trust Company and, at the same time, delivered to the latter 921 shares of La France Industries common stock as collateral security. By August 21, 1933, Morgan had reduced his indebtedness on the note to $6,615.75. On that day, Morgan and defendant entered into a written agreement whereby Morgan assigned his interest in the pledged stock to defendant in consideration of one dollar and defendant's promise "to assume and pay the obligation of the amount of six thousand six hundred fifteen and 75/100 dollars ($6,615.75), with interest, now due and owing by Morgan to Franklin Trust Company, as aforesaid". Subsequently, defendant made payments to the Franklin Trust Company totaling $1,240.29, thereby reducing the assumed obligation to $5,375.46. In 1930, Laura E. Morgan, wife of the maker of the note, had agreed to become a surety for Morgan. On April 27, 1939, she and Morgan offered and paid to the Secretary of Banking, receiver of the Franklin Trust Company, the sum of $2,000 in consideration of which the latter "released and discharged said N. S. Morgan of and from his liability as maker of the aforesaid note" and released also Mrs. Morgan from her liability as surety. Defendant thereupon was credited with the $2,000 payment and

upon his refusal to pay the $3,375.46 balance allegedly due the present action was brought.

Defendant demurs on the ground that since this is an action on the note and since Morgan admittedly was released and discharged of his liability as maker thereof, the debt defendant had assumed was thereby extinguished and, accordingly, defendant was discharged of any liability on his contract.

We are unable to agree with this contention. The right of a third party beneficiary of a contract to maintain an action thereon no longer may be questioned in this State: Commonwealth v. Great American Indemnity Co., 312 Pa. 183 (1933); Philipsborn v. 17th & Chestnut Holding Corp., 111 Pa. Superior Ct. 9 (1933). In the present case, the receiver of the Franklin Trust Company, a creditor beneficiary of the contract between Morgan and defendant, seeks to enforce defendant's promise in that agreement. The action is not on the note but on the contract. The sole question for our determination is the nature of this promise. Did defendant agree merely to pay Morgan's debt to the Franklin Trust Company, whatever it may have been, as long as Morgan was obligated thereon, or did he promise to pay a certain sum of money to plaintiff, which amount Morgan said he owed? Our examination of the contract constrains us to come to the latter conclusion. This being the case, the fact that Morgan was discharged from his liability as maker of the note would not extinguish defendant's obligation under the contract. Under this agreement, defendant's obligation was an independent one and not merely a promise to pay the debt of another. Cf. Roberts v. Murphy, 27 Ala. App. 281, 283 (1936). Between the parties to the contract, defendant became a principal debtor and it must be reiterated that the present action is one to enforce that contract.

Defendant argues also that plaintiff's release was a general one operating to discharge not only the maker of the note but all parties secondarily liable. We have al-

ready stated that the present action was not brought to enforce defendant's obligation on the note as a party secondarily liable. Moreover, the scope and extent of a release depend upon the intent of the parties as expressed in the particular instrument and, to derive this intent, its terms must be construed in the light of the surrounding facts and circumstances: Shannon v. Prall, 115 Wash. 106, 112 (1921); Stacy v. F. N. Hoyt Shoe Co., 83 N. H. 281, 286 (1928). The fact that the discharge of the note discharges a party secondarily liable thereon does not mean that it would discharge a person primarily liable under a separate and independent contract. In the present case, defendant would have us construe plaintiff's release of Morgan "from his liability as maker of the note" as evidencing his intent to release a party independently obligated on a separate contract and apparently regarded by him as financially able to satisfy the remaining indebtedness. This we cannot do upon the face of this pleading. Defendant's demurrer must be overruled.

### Order

And now, April 16, 1941, the questions of law raised by defendant's affidavit of defense under section 20 of the Practice Act of May 14, 1915, P. L. 483, are hereby resolved in favor of plaintiff.