37 So.2d 682

## WALKER v. INGRAM.
### 7 Div. 954.

Court of Appeals of Alabama.
Aug. 3, 1948.

Rehearing Denied Oct. 5, 1948.

Roberts & Cunningham, of Gadsden, for appellant.

L. B. Rainey, of Gadsden, for appellee.

**CARR, Judge.**

The case went to the jury in the court below on Count 2 of the Complaint, wherein a recovery was sought against the defendant for damages for trespass.

There was an agreement to plead in short by consent. The jury found for the plaintiff, and this appeal followed.

The evidence in the main is not in dispute. The testimony consisted entirely of witnesses introduced in appellee's behalf.

It appears that the appellee was a share cropper of the appellant. The former, with his family, occupied a dwelling on the rented premises. The privilege of living in the home was extended without cost to the appellee.

About the first of June the tenant became in dire need of food for himself and family. The landlord refused to supply or extend his credit for these necessities, and because of these pressing circumstances the appellee secured employment elsewhere. His family continued to occupy the home indicated. The tenant turned over the cultivation and management of the growing crop to his cousin who lived in the neighborhood.

While appellee's family was away for two or three days on a Fourth of July holiday visit, the appellant forcibly entered their dwelling and piled practically all of the household furniture and other personal effects in one room of the house. Another family moved in and occupied the remaining portion of the dwelling. All of this occurred without notice to or the knowledge of the appellee or any member of his family.

It is urged that the general affirmative charge was due the appellant. The delineation of the tendencies of the evidence which we have set out will clearly demonstrate that this position is not tenable. McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

It is insisted, also, that under the evidence punitive damage was not recoverable.

It is axiomatic that, when a trespass is committed under circumstances of aggravation, punitive damage may be awarded by the jury.

It could serve no good purpose to attempt to collate the evidence in the case at bar to this doctrine. Suffice it for us to say that we are clear to the conclusion that this element of damage was properly submitted to the jury. 18 Ala. Dig. Trespass, ☞ 56.

In brief counsel states: "In an action of trespass to real estate plaintiff is not entitled to recover for mental pain and anguish and suffering or mental distress unless committed maliciously or under aggravating circumstances, or unless there has been physical injury to the plaintiff himself."

The Supreme Court in Engle v. Simmons, 148 Ala. 92, 41 So. 1023, 1024, 7 L.R.A.,N.S., 96, 121 Am.St.Rep. 59, 12 Ann. Cas. 740, observed: "The plaintiff here was in her home, and had a right to the peaceful and undisturbed enjoyment of the same, and any unlawful entry or invasion thereof, which produced physicial injury to her, *whether by direct personal violence, or through nervous excitement* the proximate result of the wrongful acts of the defendant, was a wrong for which she is entitled to recover." (Emphasis ours.)

See also, Disheroon v. Brock, 213 Ala. 637, 105 So. 899.

The proof supported this position, and we entertain the view that the element constituted a part of the recoverable damages to be considered by the jury.

Assignments of error 8 and 17 are grouped in argument in brief.

Count 2 of the complaint contains in its averments the following: "Plaintiff avers that as a proximate consequence of said wrongful and unlawful act by defendant the plaintiff was greatly humiliated, his wife made sick and nervous, and plaintiff endured great mental pain and anguish."

Assignment of error number 17 is: "That the Court erred in overruling Appellant's demurrers to Count Two of the Complaint."

The position is here posed in brief of counsel that error should be based because sickness and nervousness of appellee's wife is not a proper element of damage. Demurrer to the complaint was not the proper attack to be here made. If a complaint contains both recoverable and non recoverable claims for damages, the attempt to eliminate the latter should be made by motion to strike, by objection to the evidence incident thereto, or by a special written instruction. Western Union Tel. Co. v. Anniston Cordage Co., 6 Ala. App. 351, 59 So. 757; Marsicano v. Phillips, 6 Ala.App. 229, 60 So. 553.

Assignment of error number 7 is predicated on the action of the court in allowing, over appellant's objections, the introduction of evidence relating to the claim that appellee's wife suffered humiliation and nervous disorder. The assignment is not insisted upon in brief of counsel and will therefore be deemed waived. Supreme Court Rule 10, Code 1940, Title 7 Appendix; Washington v. Alabama Mills, 241 Ala. 327, 2 So.2d 770; Alabama Power Co. v. Thompson, 250 Ala. 7, 32 So.2d 795.

We do not want to be understood as holding that this evidence was not admissible nor that the element of damages of instant concern could not be considered as a part of the recovery.

Count 2 of the complaint alleges in part that the appellant, in the absence of the appellee and his family, moved all the household effects and stored same in one room. On the theory that there was a variance appellant requested the following written charge:

"The Court charges the jury that if you are reasonably satisfied from all the evidence in this case that plaintiff's furniture, bedding, bed clothes, wearing apparel of himself and wife and children's clothes, cooking stove and all his household effects, located in said tenant house, was located or placed in two rooms of said tenant house then you cannot find a verdict against the defendant."

The proof supported the contention and allegation to the extent that a major portion of the furniture, etc., was stored in one room. It appears from the evidence that there were a few articles in other parts of the house. However this may be, the proof of this averment was not required in exact particular and a slight variance therefrom could not be fatal to appellant's cause.

Refused charges numbered 4 and 5 are not in proper form, if not otherwise faulty. Each contains the use of the word "believe." "Reasonably satisfied" is the appropriate and accepted term. Loreno v. Ross, 222 Ala. 567, 133 So. 251; Lipscomb v. Moore, 227 Ala. 547, 150 So. 907.

Under the guidance of applicable rules, we are not authorized to disturb the action of the trial judge in overruling appellant's motion for a new trial. Rhodes-Carroll Furniture Co. v. Webb, 230 Ala. 251, 160 So. 247; Cobb v. Malone, 92 Ala. 630, 9 So. 738.

The evidence in this case clearly sustains our view that the appellant wholly disregarded the rights of the appellee.

The assignments of error to which we have failed to respond are either not insisted upon in brief or are grouped in argument with other assignments which have had our attention.

The judgment of the lower court is ordered affirmed.

Affirmed.