46 So.2d 582

CASINO RESTAURANT, Inc. v. McWHORTER.

6 Div. 911.

Court of Appeals of Alabama.

May 23, 1950.

Hal Howard, of Birmingham, for appellee.

CARR, Judge.

William W. McWhorter brought suit against Casino Restaurant, Inc. and Jesse O. Weatherly. The cause of action is stated in four counts of the complaint.

Maurice F. Bishop and M. Lewis Gwaltney, of Birmingham, for appellant.

The defendant's demurrer to each count was overruled, and there followed an agreement to plead in short by consent. All four counts were submitted to the jury, and the trial resulted in a verdict in favor of the plaintiff and against the defendant, Casino Restaurant, Inc., for $850.00.

The appellant filed a motion for a new trial and this was overruled.

The action of the court in overruling the demurrers to the complaint is not stressed for error in brief of counsel. Memphis & C. R. Co. v. Martin, 131 Ala. 269, 30 So. 827; Simmons v. Cochran, 252 Ala. 461, 41 So.2d 579; White v. White, 33 Ala.App. 403, 34 So.2d 182; Walker v. Ingram, Ala.App., 37 So.2d 682.

It is urged, however, that because counts three and four omit to aver the issuance of any process, properly describing it, these counts are for false imprisonment and not malicious prosecution.

Without bringing ourselves to a decision of the matter, we are free to observe that there appears some merit in this insistence. Davis v. Sanders, 133 Ala. 275, 32 So. 499; Grissom v. Lawler, 10 Ala.App. 540, 65 So. 705.

█ On the basis of this position counsel argues that it was error on the part of the court to instruct the jury as to malicious prosecution. This insistence cannot avail, because the question is not raised. No exception was interposed to the oral charge in this aspect, nor was the matter presented in any other manner. Of course, we cannot review the question in this state of the record.

The general affirmative charge was requested by the appellant as to each of these counts. So it is insisted that, on account of the defect or the insufficiency of the averments, these charges should not have been denied.

█ The authorities recognized the rule that, when the party litigants adopt a theory for the trial of a cause and it is tried with that understanding, the appellate court accepts the view that the pleadings present that theory. Loy v. Reid, 11 Ala. App. 231, 65 So. 855; Travis, Adm'r v.

Sloss Sheffield Steel & Iron Co., 162 Ala. 605, 50 So. 108; Phillips et al. v. Phillips et al., 186 Ala. 545, 65 So. 49, Ann.Cas. 1916D, 994; Seaboard Air Line R. Co. v. Lowe, 223 Ala. 542, 137 So. 448; Hanover Fire Ins. Co. v. Wood, 213 Ala. 132, 104 So. 224, 39 A.L.R. 1436; Manker v. Western Union Tel. Co., 137 Ala. 292, 34 So. 839; Roberts v. Murphy, 27 Ala.App. 281, 171 So. 757.

We come now to consider the question of whether the appellant was due the general affirmative charge because of the insufficiency of the evidence to support the averments of the complaint and each count thereof. The solution of this matter hinges on one factual inquiry: Did the appellant in any way instigate or procure the arrest of the appellee or was the arrest made by the police officer acting as a public official and solely at his own instance?

Without dispute Mr. Weatherly was the owner of the Casino Restaurant. It appears that appellee and one Harvey were customers at the restaurant. A dispute arose over the amount charged for service. The appellee insisted that he was due to pay for only a bottle of beer which he ordered; that a "corkage charge" which was included on the ticket was unfairly assessed; that only Harvey took a drink of whiskey while they were seated at the table.

According to Mr. Weatherly's testimony the appellee cursed and was insulting in the presence of ladies in the restaurant. The latter denied this but stated that Harvey did curse.

Mr. Weatherly called the police by phone. Two officers came promptly, but Harvey left before their arrival.

We quote here from the testimony of one of the officers:

"Q. Prior to the arrest did Mr. Weatherly make a complaint to you concerning Mr. McWhorter? A. Yes, sir.

"Q. What complaint did he make? A. He made the complaint to us that he had drank a bottle of beer and that he charged him a cover fee of 50 cents I believe, and I think there was a bottle of coca cola consumed at the table too. It all amount-

ed to $1.32 and the defendant refused to pay it, and as to the disorderly conduct there in the place, it was in the presence of women who were patrons of the place."

The officer testified also that the appellee appeared to be sober and that he did not use any profanity in the presence or hearing of the witness. The policeman did state that the appellee was "loud mouthed" and boisterous and "once or twice he was boisterous all over the place and I told him, 'You are not the only person in this place, you will have to quiet down.' And so he quieted down."

Mr. Weatherly testified as follows:

"Q. Then you called the police officers and when they arrived you told them just exactly what you have told the jury here this afternoon? A. Yes, sir.

"Q. At the time the police officers arrived you related to them exactly what you have told this jury, what Officer Prior testified here today? A. The little fellow left and Mr. McWhorter came on up to the cash register.

"Q. You related those facts to the officers? A. Yes, sir.

"Q. As Officer Prior testified? A. Yes, sir."

"Q. You called the officers then for the purpose of having Mr. McWhorter arrested? A. I wasn't even thinking about that; I was trying to get that disturbing business out of there.

"Q. What did you tell the officers? A. I told them we had a $1.32 check and that he said he wouldn't pay it; he said he would pay for the beer and wouldn't pay for the rest.

"Q. Didn't you ask the officers to arrest him? A. I didn't ask the officers to arrest him; I was just explaining my position to them."

The general rule applicable to the inquiry of instant concern is stated in Standard Oil Co. v. Davis, 208 Ala. 565, 94 So. 754, 756:

█ "The inquiry is: (1) Whether or not the defendant or his agent directed, commanded, or in any way instigated the arrest; and (2) whether such conduct,

if shown, was a material factor in causing the officer to make the arrest. Of course if the officer acts solely upon his own judgment and initiative, the defendant would not be responsible even though he had directed or requested such action, and even though he were actuated by malice or other improper motive.

"Very clearly, we think, a person may be the responsible instigator of an arrest without expressly commanding, requesting, or directing it. So the instruction requested by defendant that the phrase 'caused plaintiff to be arrested,' as used in the complaint, means that defendant commanded, requested, or directed plaintiff's arrest, was at least misleading, and for that reason properly refused."

Chief Justice Gardner made this observation in American Ry. Express Co. v. Summers, 208 Ala. 531, 94 So. 737, 738: "The plaintiff insists that the two agents for the defendant company in fact arrested him, but we are persuaded there is also evidence in the record from which the jury could reasonably infer that, if these agents did not in fact arrest the plaintiff, they caused him to be arrested by the city officers who accompanied them. This inference may be drawn from the facts and circumstances, and it is not essential there should be evidence of express command or direction to the officer."

In J. J. Newberry Co. v. Smith, 227 Ala. 234, 149 So. 669, 671, Justice Bouldin, writing for the court, said: "A party may be guilty of false imprisonment in procuring an unlawful arrest by a police officer acting solely as a public officer, as where such party voluntarily aids and abets the officer; or by false charges induces the officer to make an arrest, though the officer may act in entire good faith."

█ "The general affirmative charge in favor of the defendant should not be given, where there is the slightest evidence showing right of recovery." Wood v. Hacker, 23 Ala.App. 12, 121 So. 437, 440. See also, McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

We have attempted hereinabove to set out the tendencies of the evidence fairly and accurately.

The rule prevails that, in determining the propriety of the general affirmative charge when requested by the defendant, the evidence favorable to the plaintiff must be accepted as true. In such case we are required to take the evidence in its most favorable light for the plaintiff and accord to him all legitimate inferences therefrom. Alabama Power Co. v. Buck, 250 Ala. 618, 35 So.2d 355; Key v. Dozier, Ala.Sup., 42 So.2d 254;[1] Tidmore v. Mills, 33 Ala.App. 243, 32 So.2d 769; Volunteer State Life Ins. Co. v. Danley, 33 Ala.App. 543, 36 So.2d 123.

We are clear to the conclusion that whether or not Mr. Weatherly was the instigator of the arrest of the appellee, or aided or abetted in its consummation, was a jury question. Authorities supra. See also, Caldwell v. Standard Oil Co., 220 Ala. 227, 124 So. 512; Wofford Oil Co. v. Stauter, 26 Ala.App. 112, 154 So. 124.

We are in full accord with the observation of counsel that a person should be afforded full, unhindered right to call officers in case of a disturbance in his place of business. However, this privilege cannot be extended so as to infringe upon the rights and liberties of customers who are not at fault in causing the disorder. According to the testimony of the appellee he did not violate the law and his arrest was unlawful. Whether or not this was true was, of course, a jury question.

Assignment of error number 13 relates to an exception to this portion of the court's oral charge: "What I mean to say is that the owner complaining of any situation, made to the officer, that that alone would not constitute probable cause, because upon that basis solely and just with that alone there could be no probable cause and upon that alone he would have no authority to make an arrest, that is, a legal arrest."

In reviewing exceptions to segments of the court's oral charge, we are required to take into account the entire charge and given written instructions. Mosley v. State, 241 Ala. 132, 1 So.2d 593; Volunteer State Life Ins. Co. v. Danley, supra. When this is done, we do not find that the excerpt supra should be made a basis for reversible error.

Refused written instructions 31 and X are covered by the oral charge. Title 7, Sec. 273, Code 1940; Wood v. Hacker, 23 Ala.App. 12, 121 So. 437; Burk et al. v. Knott, 20 Ala.App. 316, 101 So. 811.

Refused charge Y contains the hypothesis, "If you believe from the evidence." Our courts have repeatedly held that it is not error to refuse a charge in a civil proceeding which adopts this phrase. The proper term is "if you are reasonably satisfied from the evidence." Lipscomb v. Moore, 227 Ala. 547, 150 So. 907, 908; Sovereign Camp W. O. W. v. Waller, 232 Ala. 170, 167 So. 563; Walker v. Ingram, 34 Ala.App. 133, 37 So.2d 682; Hurn v. Reynolds, Ala.App., 36 So.2d 603.

Counsel for appellee filed a motion objecting to the transcript as filed and certified by the court reporter and moved the court to correct said transcript. The objections had to do solely with the language of the court's oral charge. The trial judge certified as follows:

"The transcript of the court's oral charge as it presently stands is so faulty and incomplete that it is not feasible by mere amendment to correct it and the court has accordingly set forth hereinbelow the text of the charge as actually given. The court feels fairly certain that the text hereinbelow shown is substantially correct and in all pertinent particulars is the charge that the court gave."

There follows in the record a copy of the substituted charge, and at the conclusion thereof appears:

"Signed and executed this the 21st day of September, 1949.

"Whit Windham (signed in ink)
"Circuit Judge."

Appellant's counsel in brief states: "After radically changing and amending the oral charge as given and as reported by the Court Reporter who transcribed and certified the testimony, the trial court did not,

---

1. 252 Ala. 631.

as required by the above statute, certify to the correctness of the. transcript or to the changes and alterations made in the court's oral charge. We respectfully submit that the effect of this failure, within itself, limits the attention of the appellate court to the original charge in its consideration of the errors herein cited instead of the amended charge which the court inserted."

In this connection the case of Dewrell v. Kearley, 250 Ala. 18, 32 So.2d 812, should be examined.

We find that we are not required to make a decision on the matter of the sufficiency of the designation of the trial judge of his approval after the correction.

Our review hereinabove is based on the oral charge as it appears in the record in its original form.

We have responded to all questions which are properly presented for our consideration.

It is ordered that the judgment below be affirmed.

Affirmed.