224 So.2d 880

**ASSOCIATES INVESTMENT COMPANY**

v.

**Paul HAMM.**

**1 Div. 401.**

Supreme Court of Alabama.

June 26, 1969.

Engel & Smith, Mobile, for appellant.

Hand, Arendall, Bedsole, Greaves & Johnston and Donald F. Pierce, C. Wayne Loudermilch, Mobile, for appellee.

LAWSON, Justice.

At the time of submission, this case was assigned to the late Justice Goodwyn and after his death was reassigned to the writer on July 28, 1968.

This is a detinue suit filed in the Circuit Court of Mobile County on February 9, 1965, by Associates Investment Company, a corporation, against "Hamm, whose name is otherwise unknown, John Doe and Ri-

chard Roe, jointly and severally, and whose correct names will be supplied when ascertained," to recover a "Grand Prix Sport Coupe, Serial No. 894A 3464, Texas License No. BZ 3624," and damages for its detention from February 9, 1965.

The return of the sheriff shows that he took the automobile into possession on February 9, 1965, under "Writ of Detinue" apparently issued by the clerk based on affidavit and bond made by the plaintiff. The defendants failing to make bond within five days after seizure, the plaintiff on February 19, 1965, made bond and obtained possession of the automobile. § 920, Title 7, Code 1940.

The complaint is in Code form. Form 27, § 223, Title 7, Code 1940.

On March 8, 1965, Paul Hamm filed three pleas, the first of which was "Not guilty"; the second, "The allegations of the complaint are untrue." The third plea was a special plea the averments of which need not be set out or summarized.

The plaintiff on May 6, 1965, filed "Demurrer To Pleas," the grounds of which were addressed "to the defendant's Pleas and separately and severally to each Plea thereof * * *."

The trial court on May 28, 1965, rendered a judgment which reads in part as follows: "It is ordered and adjudged by the Court that the Plaintiff's demurrer filed May 6, 1965 to the Defendant's pleas in this cause, be, and the same is hereby sustained." So, demurrer was sustained not only to Plea 3, the special plea, but to Pleas 1 and 2, although Plea 2 was a plea of the general issue. We have said that in an action of this kind the general issue is *nondetinet* or an averment that the allegations of the complaint are untrue. Norris v. Kelly, 249 Ala. 281, 31 So.2d 129; Webb v. Webb, 263 Ala. 607, 83 So.2d 325.

On April 25, 1966, "the defendant" filed an instrument which bears the caption "Amended Pleas," but th pleas are actually additional pleas, numbered 4 and 5.

On May 16, 1966, the plaintiff refiled to Pleas 4 and 5 the grounds of demurrer previously filed to Pleas 1, 2 and 3, and filed additional grounds of demurrer to Pleas 4 and 5.

Demurrer was sustained to Pleas 4 and 5 on May 31, 1966, but on June 17, 1966, the trial court set aside its judgment of May 31, 1966, and rendered a judgment overruling the "demurrer" to Pleas 4 and 5.

On June 27, 1966, Plea 1, "Not guilty," was refiled.

On June 28, 1966, the following "Order" was rendered by the trial court:

"In open Court on this day, It is ordered and adjudged by the Court that the Defendant be, and he is hereby allowed to amend Pleas 4 and 5 in ink by striking certain portions."

This "Order" of the trial court is not questioned. See Clover Creamery Co. v. Diehl, 183 Ala. 429, 63 So. 196.

Demurrers previously interposed to Pleas 4 and 5 were refiled on June 28, 1966, after those pleas had been amended "in ink by striking certain portions." On the same day the demurrer was overruled.

Also on June 28, 1966, the plaintiff amended its complaint by designating "the name of the Defendant to read: Paul Hamm * * *."

As we understand this rather confusing record, the case went to the jury on Associates Investment Company's complaint, as amended, and on Paul Hamm's Plea 1 and on Pleas 4 and 5 as amended "in ink." The defendant's Plea 1, "not guilty," appears to have been treated as the general issue by the court and the parties. See Norris v. Kelly, 249 Ala. 281, 31 So.2d 129.

The jury returned a verdict "* * * in favor of the Defendant for the property sued for and described in the complaint." Judgment was in accord with the verdict. After the trial court denied plaintiff's motion for a new trial, it appealed to this court.

Appellant has made twenty-two assignments of error, but has argued only seven. The others have been waived. Faust v. Paramore, 282 Ala. 20, 208 So.2d 589.

We will consider the argued assignments of error in the order in which they are argued in appellant's brief.

Assignment of Error 7 is to the effect that the trial court erred in overruling appellant's demurrer interposed to "Pleas 4 and 5 of Defendant amended in ink on June 28, 1966."

■ Three grounds of the demurrer are argued in appellant's brief. The other grounds of the demurrer will not be treated in this opinion since they have not been argued. See Pappas v. Alabama Power Company, 270 Ala. 472, 119 So.2d 899.

The record contains a plea numbered 4 and a plea numbered 5. Red lines have been placed over or through certain words and numerals in each of those pleas. Pleas 4 and 5 as they appear in the record will be set out hereafter. We will italicize the words and numerals over or through which the red lines have been placed. We assume that the said red lines represent the Circuit Clerk's effort to make Pleas 4 and 5 as set out in the record depict the condition of the original pleas after they had been amended "in ink by striking certain portions."

"4. The Defendant avers that on, to-wit, February 9, 1965, he purchased said *1964 Grand Prix Pontiac automobile at a federal tax sale from the United States of America in Mobile, Alabama.* Prior to that time, the United States of America had filed against Ronald and Patricia Clausheide, in the Probate Court of Mobile County, Alabama, a notice of a lien for past due income taxes, which notice was filed on to-wit, December 9, 1964. Said United States of America had seized said 1964 Grand Prix Pontiac automobile from the possession of said Ronald and Patricia Clausheide. The Defendant avers that under the provi-

sions of Title 47, *Section 123 and* Section 131 of the Code of Alabama of 1940, as revised, the plaintiff herein was required to record in the Probate Court of Mobile County, Alabama, within 90 days after said 1964 Grand Prix Pontiac automobile was brought into the State of Alabama, any conditional sales contract *or chattel mortgage* which it held, effecting (sic) said automobile, or such conditional sales contract *or chattel mortgage* would be void and inoperative as against a bona fide purchaser for value and without notice. Defendant avers that said automobile was brought into Mobile County, Alabama, and such conditional sales contract or chattel mortgage was not recorded within three months from the time that the automobile was first brought into the County of Mobile, State of Alabama. Defendant avers that he was a bona fide purchaser for value and without notice of the alleged conditional sales contract *or chattel mortgage* at the time that he purchased the car. Hence, Defendant is a member of the class protected by the Title 47, *Section 123 and* Section 131, Code of Alabama, 1940, as revised, and Plaintiff ought not recover.

"5. The Defendant avers that on, to-wit, February 9, 1965, he purchased said 1964 Grand Prix Pontiac automobile at a federal tax sale from the United States of America in Mobile, Alabama. Prior to that time, the United States of America had filed against Ronald and Patricia Clausheide, in the Probate Court of Mobile County, Alabama, a notice of a lien for past due income taxes, which notice was filed on to-wit, December 9, 1964. Said United States of America had seized said 1964 Grand Prix Pontiac automobile from the possession of said Ronald and Patricia Clausheide. The Defendant avers that under the provisions of Title 47, *Section 123 and* Section 131 of the Code of Alabama of 1940, as revised, the Plaintiff herein was required to record in the Probate Court of Mobile County, Alabama, within 90 days after said 1964 Grand Prix Pontiac

automobile was brought into the State of Alabama, any conditional sales contract *or chattel mortgage* which it held, effecting (sic) said automobile, or such conditional sales contract or chattel mortgage would be void and inoperative as against a bona fide purchaser for value and without notice. Defendant avers that said automobile was brought into Mobile County, Alabama, and such conditional sales contract *or chattel mortgage* was not recorded within three months from the time that the automobile was first brought into the County of Mobile, State of Alabama. Defendant avers that he was a bona fide purchaser for value and without notice of the alleged conditional sales contract *or chattel mortgage* at the time he purchased the car. The Defendant further avers that the federal tax lien was superior to any lien claimed by the Plaintiff and the sale by the United States of America to the Defendant extinguished any interest or lien which the plaintiff might have had in said automobile; hence, Plaintiff ought not to recover."

Apparently the drafter of Pleas 4 and 5 was in doubt as to whether the instrument under which the plaintiff was thought to claim the right to possession of the suit automobile was a conditional sales contract or a chattel mortgage, but later concluded that the instrument was a conditional sales contract because the references to "chattel mortgage" and to § 123 of Title 47, Code, were amended out of original Pleas 4 and 5 by the use of ink except in two instances. The words "chattel mortgage" remain in the thirtieth line of Plea 4 and in the twenty-fourth line of Plea 5 as set out above. It may be that counsel for the defendant overlooked those words in the pleas indicated above when he was amending the pleas in ink, or it could be that the circuit clerk failed to strike those words in copying Pleas 4 and 5, as amended, into the record.

The instrument was introduced in evidence as an exhibit and is included in the record before us. It bears the caption "Texas Installment Sales Contract," but in a certificate of the Probate Judge of Mobile County the instrument is referred to as a "chattel mortgage."

We are not called upon on this appeal to determine whether the said instrument is a conditional sales contract or a chattel mortgage. No ground of demurrer interposed to Pleas 4 and 5 took the point that the pleas were insufficient in that the said instrument was referred to in the alternative as a conditional sales contract or a chattel mortgage.

We will digress at this point to observe that the instrument was considered by the trial court and both parties to be a conditional sales contract. The court in his oral charge so designated the instrument and referred to the provisions of § 131, as amended, Title 47, Code, which section deals with the recordation of conditional sales contracts. The trial court did not charge in regard to chattel mortgages. There was no exception to the oral charge. Hence we will consider the instrument, as did the trial court and the parties, as being a conditional sales contract.

We could not determine that question, in any event, because the copy of the said instrument, made by some type of copying machine, as included in the record before us is illegible.

■ Appellant argues that Grounds 9 and 10 of its demurrer were well taken in that they "point up the immateriality of the provisions of the three-month recording statute [§ 131, Title 47, as amended, Code 1940] where actual notice is had."

Appellee says that Grounds 9 and 10 of the demurrer are speaking demurrers and for that reason, among others, were overruled without error. We pretermit a determination of the question as to whether or not Grounds 9 and 10 are speaking demurrers. Assuming, without deciding, that Grounds 9 and 10 are not subject to the vice of being speaking demurrers, they

were overruled without error since Pleas 4 and 5 as set out above contain averments to the effect that the defendant was a bona fide purchaser for value "and without notice of the alleged conditional sales contract * * * at the time he purchased the car."

■ ■ Appellant argues that Ground 3 of his demurrer was well taken as to the last sentence of Plea 5 as set out above and should have been sustained as to that plea. Ground 3 of the demurrer reads: "For aught that appears, the defendant is attempting to claim under a tax title without averring facts to show that the tax title is superior to the claim of title on the part of the plaintiff." We do not agree that the last sentence of Plea 5 as set out above "is, of course, but a conclusion of the pleader," as asserted in appellant's brief. We are of the opinion that Ground 3 of appellant's demurrer as addressed to Plea 5 as set out above is not well taken. In view of the foregoing, we conclude that there is no merit in appellant's Assignment of Error 7.

Assignment of Error 6 asserts error on the part of the trial court in overruling appellant's demurrer to Pleas 4 and 5 in their original form, that is, before they were amended "in ink by striking certain portions." In support of this assignment appellant argues the same three grounds of demurrer argued in support of Assignment of Error 7. We think those grounds of demurrer were not well taken to Pleas 4 and 5 as originally drafted for the same reasons that they were not well taken when interposed to Pleas 4 and 5, as amended.

■ Assignment of Error 22 is predicated upon the refusal of the trial court to give appellant's written Charge B, which reads: "I charge you, Gentlemen of the Jury, that the levy of the Internal Revenue in this case attached only to the interest of Ronald D. Clausheide and Patricia F. Clausheide in and to the automobile in question."

Charge B was refused without error, for the reason, if for no other, that it purports to state a rule of law in the abstract, without instructing the jury on the effect of the rule on the facts adduced in the trial of the case. Birmingham Southern Railroad Company v. Ball, 271 Ala. 563, 126 So.2d 206; Frith v. Studdard, 267 Ala. 315, 101 So.2d 305; Moore v. Cooke, 264 Ala. 97, 84 So.2d 748.

Assignments of Error 14 and 15 are argued together in appellant's brief. Assignment of Error 14 is based on the refusal of the trial court to give appellant's written Charge 13 and Assignment of Error 15 is predicated on the court's refusal to give appellant's written Charge 15. Those charges read:

> 13. "I charge you Gentlemen of the Jury that if you believe the Internal Revenue secured no right, title or interest in said property then you must find for the Plaintiff."

> 15. "I charge you Gentlemen of the Jury that if you believe from the evidence that the delinquent taxpayer had no equity in said vehicle then you must find for the Plaintiff."

■ In appellant's brief it is said: "Both of these charges (13 and 15) request the affirmative charge, with hypothesis, and for the sake of brevity we argue them together." Counsel for appellant are mistaken. True, those charges conclude with the clause, "you must find for the plaintiff." But neither is an affirmative charge with hypothesis based on a consideration of the whole evidence. Both charges are predicated on a finding by the jury of a single fact. Hence, they were both refused without error since they are "belief" charges.

In Walker v. Bowling, 261 Ala. 46, 72 So.2d 841, we said as follows:

> "Appellee seems to be troubled about the general charge as to plea 3 being predicated on a belief of the evidence rather than reasonable satisfaction from

it, and tried to write around that supposed defect. But it is not a defect. As to the affirmative charge it is not a question of being reasonably satisfied of the existence of a certain state of facts or of a certain inference from them, but a belief of the evidence as a whole. When a charge is predicated on a finding by the jury from the evidence of a fact or inference, 'reasonably satisfied' is the correct form of hypothesis. That distinction is illustrated in the case of Birmingham Belt R. R. v. Nelson, 216 Ala. 149, 112 So. 422. Charge 7 was the affirmative charge that the driver of the car was guilty of negligence. The hypothesis was properly stated to be that the jury believed the evidence and the court was held to have erred in refusing it. Charge 22 was hypothesized upon a belief from the evidence that the sole proximate cause was the negligence of the driver and was held to be defective in not hypothesizing it on a reasonable satisfaction of that fact or inference from the evidence. Reversible error will not be predicated on giving or refusing such a charge. But that has no application to the general charge. This distinction is apparent in our cases. Bryan v. Ware, 20 Ala. 687; Hall's Heirs v. Hall, 47 Ala. 290; Western Union Tel. Co. v. Louisell, 161 Ala. 231, 50 So. 87; Byars v. Alabama Power Co., 233 Ala. 533, 172 So. 621." (261 Ala., 50–51, 72 So.2d, 845).

In Wallace v. Elliott, 220 Ala. 125, 124 So. 286, the trial court refused to give at the request of the defendant a written charge which was made the basis of appellant's Assignment of Error 3. The charge read as follows: "If you believe from the evidence that Mr. Elliott collected rent on the building referred to in the complaint from the Inglenook Investment Company, a corporation, from February to October, 1923, *then you must find for the defendant.*" (Emphasis supplied) The appellant, the defendant below, asserted here that the refusal of the quoted charge constituted reversible error. In disagreeing with that contention, we said as follows: "Refused charge made the basis of assignment of error 3 belongs to the 'if you believe from the evidence' class and its refusal was not reversible error. Birmingham Belt R. Co. v. Nelson, 216 Ala. 149, 112 So. 422, 423. * * *" See Langley Bus Co. v. Messer, 222 Ala. 533, 133 So. 287; St. Louis-San Francisco R. Co. v. Kimbrell, 226 Ala. 114, 145 So. 433; Lipscomb v. Moore, 227 Ala. 547, 150 So. 907; Kelly v. Hanwick, 228 Ala. 336, 153 So. 269; Southern Ry. Co. v. Sanford, 262 Ala. 5, 76 So.2d 164; Herrington v. Hudson, 262 Ala. 510, 80 So.2d 519; Firestone Tire & Rubber Co. v. Nixon, 264 Ala. 433, 87 So.2d 829; Prince v. Bryant, 274 Ala. 134, 145 So.2d 837; Atlanta Life Ins. Co. v. Stanley, 276 Ala. 642, 165 So.2d 731; Hatcher v. Camp, 279 Ala. 475, 187 So.2d 232.

█ Refused Charge 13 is not even predicated on the jury's belief "from the evidence." It was clearly refused without error. C. M. McMahen & Sons v. Western Union Telegraph & Cable Co., 219 Ala. 636, 123 So. 76, 63 A.L.R. 805; Jefferson County Savings Bank v. Compton, 192 Ala. 16, 68 So. 261. So if Charge 15, the refusal of which was made the basis of Assignment of Error 15, was not in itself defective, we would not reverse because of its refusal, since Assignment of Error 14 (Charge 13) and Assignment of Error 15 are argued together. Assignments of Error 14 and 15 are unrelated and this court has frequently held that where unrelated assignments of error are argued in bulk, that is, are grouped and argued together, and one is found to be without merit, the others will not be considered. State v. Barnhill, 280 Ala. 574, 196 So.2d 691, and cases cited.

█ Assignment of Error 1 is that the trial court erred in denying the motion of plaintiff for a new trial. Such an assignment justifies our consideration of any ground of the motion for a new trial stated with sufficient definiteness to direct the court's attention to the alleged erroneous

ruling, if the clear and specific ground is argued in brief. Tucker v. Cox, 282 Ala. 489, 213 So.2d 222. Appellant argues in brief only three grounds of the motion for new trial, namely, Grounds 5, 9 and 11.

Ground 5 of the motion asserted error by the trial court "in overruling the plaintiff's demurrers to Plea 4 and Plea 5." We have disposed of that question in our consideration of Assignment of Error 6.

Ground 11 of the motion for new trial is to the effect that the trial court erred "in refusing the requested charge 'B' for the plaintiff which reads as follows: * * *." We disposed of that contention in our treatment of Assignment of Error 22.

Ground 9 of the motion for new trial reads:

"For that the Court erred in refusing the plaintiff's written requested Charge 26 which reads as follows: 'I charge you gentlemen of the jury that if you believe the evidence you must find for the plaintiff and against the defendant for the preponderance of the evidence shows that the plaintiff had prior title to said property and that the defendant was not an innocent purchaser for value without notice of the plaintiff's lien or claim to said property.'"

■ Charge 26 is subject to the same infirmity as Charges 13 and 15 and was therefore refused without error. Moreover, Charge 26 is faulty because of the inclusion of the words "for the preponderance of the evidence." If there was any evidence before the jury tending to show that the defendant had prior title to the suit property, a jury question was presented on that issue.

Assignment of Error 8 is based on the refusal of the trial court to give appellant's written requested Charge 6, which reads: "I charge you Gentlemen of the Jury you must find for the Plaintiff for the Plaintiff's lien was superior to the Internal Revenue's lien and hence Defendant had no right, title or interest in said property."

Charge 6 seeks a directed verdict for the plaintiff, that is, an affirmative charge without hypothesis. The language after the clause, "you must find for the plaintiff," was apparently designed to constitute a holding by the trial court that appellant's rights as assignee of the "Texas Installment Contract" took precedence over the lien of the Internal Revenue Service.

Appellant's argument, if we understand it correctly, is that the "Texas Installment Contract" was in default on October 25, 1964; that the Internal Revenue Service did not file its lien until December 11, 1964, and, therefore, appellant's right to possession of the automobile in question was superior to that of appellee, who purchased the automobile at a federal tax sale on February 9, 1965.

But this argument overlooks the fact that the "Texas Installment Contract" was not recorded in the office of the probate judge of Mobile County within three months after the automobile was brought into Mobile County, as provided in § 131, as amended, Title 47, Code 1940, which section reads:

"All other contracts for the conditional sale of personal property, by the terms of which the vendor retains the title until payment of the purchase money and the purchaser obtains possession of the property, and all contracts for the lease, rent, or hire of personal property, by the terms of which the property is delivered to another on condition that it shall belong to him whenever the amount paid shall be a certain sum, or the value of the property, the title to remain in the other party until such sum or value shall have been paid, are, as to such condition void against purchasers for a valuable consideration, mortgagees, landlords with liens and judgment creditors without notice thereof, unless such contracts are in writing and recorded in the office of the judge of probate of the county in which the party so obtaining possession of the property resides, and also the county in which such property is delivered and re-

mains; and if before the payment of the purchase money or the sum or value stipulated, the property is removed to another county, the contract must be again recorded within three months from the time of such removal, in the county to which it is removed; and if any such property is brought into this state while subject to such condition, the contract of sale, lease, hire, or rent, must within three months thereafter be recorded in the county into which the property is brought and remains; but in counties having according to the last federal census, or according to any succeeding federal census, a population of more than eighty thousand inhabitants, such contracts of less than two hundred dollars in amount need not be filed for record as provided in this section."

Appellant seems to take the position that the provisions of § 131, Title 47, *supra*, did not apply in that there was no determination by the trial court as to whether the "Texas Installment Contract" was a conditional sales contract or a chattel mortgage and, therefore, the efficacy of Charge 6 should not be affected by the provisions of § 131, Title 47, Code.

 As we have heretofore shown, this case was tried below on the theory that the said "Texas Installment Contract" was a conditional sales contract. In so far as we are able to determine from this record, counsel for appellant did not contend in the court below that the instrument in question was a chattel mortgage.

In this posture of the case, we could not put the trial court in error for refusing Charge 6 which, as we construe it, called upon the trial court to direct a verdict in favor of appellant, the plaintiff below.

In Gilliland & Echols Farm Supply & Hatchery v. Credit Equipment Corp., 269 Ala. 190, 112 So.2d 331, this court, addressing itself to the question of when the affirmative charge without hypothesis is proper, quoted McElroy, The Law of Evidence in Alabama, § 449:

"No party is entitled to a direction of a finding of a verdict in his favor if the evidence is sufficient to warrant a finding or verdict in favor of the other party; nor is the movant for such a direction entitled thereto upon oral undisputed testimony which if believed entitled him to a verdict in his favor, as in such a case the credibility of the testimony must be submitted to the jury. * * *"

We are not unmindful of the fact that we have not dealt with some of the contentions made in appellant's brief for a reversal of the judgment of the trial court. But the argued assignments of error do not warrant a consideration of those contentions.

Since we find no error to reverse in any of the argued assignments of error, the judgment of the trial court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.